## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHRISTINA HELSON

      Plaintiff,

vs.                                              Case No.: 8:05-CIV-1788-T-17-MAP

NUVELL FINANCIAL SERVICES CORP.

      Defendant.

_____/

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      This cause comes before this Court on the Defendant, Nuvell Financial Services Corp.'s, Motion for Summary Judgment on the basis of Judicial Estoppel and other Bankruptcy-Related Grounds and Incorporated Memorandum of Law, filed on February 24, 2006 (Docket No. 17), and Plaintiff Christina Helson's response thereto, filed on March 1, 2006 (Docket No. 19). For the reasons set forth below, this motion is **GRANTED**.

### BACKGROUND

      On August 19, 2005, Plaintiff filed a lawsuit against Defendant claiming that her rights under the Florida Consumer Collection Practices Act (FCCPA) and the Fair Debt Collection Practices Act (FDCPA) were violated when Defendant allegedly disclosed to third parties the nature of Plaintiff's indebtedness to Defendant. The state court action was removed to this Court on September 23, 2005.

      Approximately three weeks prior to filing the aforementioned action, on July 27, 2005, Plaintiff voluntarily petitioned for bankruptcy, styled as *In re Christina Helson*, Case No. 8:05-bk-14897-MGW, U.S. Bankruptcy Court, Middle District of Florida, under Chapter 7 of the United States Bankruptcy Code. As part of that bankruptcy petition, Plaintiff signed her Declaration Concerning Debtor's Schedules. She scheduled Defendant as a secured creditor but did not disclose her claim against Defendant. In completing her schedule of personal property, Plaintiff was directed to disclose and describe all "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" to which Plaintiff answered, "None." Def.'s Mot. Ex. A at 7.

      On August 30, 2005, less than two weeks after filing her complaint against Defendant, Plaintiff attended her mandatory 11 U.S.C. § 341 Meeting of Creditors and was examined under

oath by her trustee. During that examination, the trustee asked Plaintiff, "Have you been injured in any way where you are currently suing someone or could sue someone?" to which Plaintiff replied, "No." Def.'s Mot. Ex. B at 7. Plaintiff then reaffirmed several times to the trustee the accuracy of her Schedules and testimony. *Id*. at 8-9. The trustee declared that the estate had been administered and that no property remained except property exempted by law. The Bankruptcy Court entered an order discharging all of Plaintiff's debts and closed the bankruptcy case on November 2, 2005.

## DISCUSSION

Defendant asserts that Plaintiff must be precluded from pursuing her claim under the doctrine of judicial estoppel, and that summary judgment is appropriate in this case. In response, Plaintiff argues that judicial estoppel is not a permitted basis for relief in this matter because the language of the FCCPA and FDCPA did not provide for its application. Plaintiff asserts that the FCCPA and FDCPA are strict liability statutes that enumerate only one defense, that of "bona fide error." Plaintiff further contends that under the maxim of *expressio unius est exclusio alterius*, the mention of one thing implies the exclusion of another, and that because Congress listed one defense, it intended to exclude all other grounds for relief from a defendant's violation of the FCCPA and FDCPA. The Court is not persuaded by this argument. Judicial estoppel is not a defense to the substantive allegations of a given claim. Rather, it is sought when a defendant in a suit believes the filing itself to be improper. It can scarcely be maintained that because a particular statute does not provide for dismissal on the similar grounds of improper standing, lack of jurisdiction, or a statute of limitations, such rules cannot be applied. Judicial estoppel is, therefore, an equitable doctrine that operates as a matter of law regardless of any defenses enumerated in the statute that gives rise to a particular claim.

**I.      Summary judgment on the basis of judicial estoppel is appropriate in this case.**

Judicial estoppel is invoked at a court's discretion to prevent parties from asserting inconsistent positions in legal proceedings and, thereby, undermining the integrity of the judicial system or gaining unfair advantage over other parties. *See New Hampshire v. Maine*, 121 S.Ct. 1808, 1814 (2001); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). The doctrine of judicial estoppel is particularly applicable to bankruptcy cases because of the reliance placed on debtors' disclosures throughout the proceedings. Courts have stated that, "In the bankruptcy context, 'the rationale for these [estoppel] decisions is that ***the integrity of the***

***bankruptcy system depends on full and honest disclosure by debtors of all their assets.***'"
*Kunica v. St. Jean Financial, Inc.,* 233 B.R. 46, 58 (S.D. N.Y. 1999) (*quoting Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D. N.Y. 1996)) (Emphasis added). The rule that a debtor may not pursue a claim that was not disclosed in the schedule of assets filed in the bankruptcy proceedings has been consistently held by courts since the case of *First National Bank v. Lasater,* 196 U.S. 115 (1905), in which the Supreme Court declared that,

> It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it. If the claim was of value…it was something to which the creditors were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts and still assert title to the property.

*Id*. at 119. *See Burnes*, 291 F.3d at 1288; *De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1292 (11th Cir. 2003); *Vreungdenhill v. Navistar Int'l Transp. Corp*., 950 F.2d 524, 526 (8th Cir. 1991); *Stein v. United Artists Corp*., 691 F.2d 885, 890 (9th Cir. 1981); *Management Investors v. United Mine Workers of America*, 610 F.2d 382, 392 (6th Cir. 1979); *Harris v. St. Louis University*, 114 B.R. 647, 648 (E.D. Mo. 1990).

The Eleventh Circuit requires courts to consider two factors when determining whether to apply judicial estoppel: "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir. 2001); *Burnes*, 291 F.3d at 1285.

**A.  Plaintiff made inconsistent statements under oath in a prior proceeding.**

Plaintiff does not dispute that she failed to disclose her suit against Defendant, either in her Schedules or during her trustee's examination. As stated above, Plaintiff, while under oath, verified the accuracy and truthfulness of her disclosures several times during the bankruptcy proceedings. Plaintiff maintained her inconsistent positions throughout the duration of her bankruptcy case and at no time attempted to amend her Statements of Financial Affairs or Schedule of Assets despite her duty to notify the Bankruptcy Court and her trustee if and when she realized that she had omitted her suit against Defendant. The Eleventh Circuit articulated this obligation in stating, "the duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather a debtor must amend his financial statements if

3

circumstances change." *Burnes*, 291 F.3d at 1285. This Court thus finds that the Plaintiff made inconsistent statements under oath in a prior proceeding and that the first element of judicial estoppel has been met in this case.

**B.  The inconsistencies were calculated to make a mockery of the judicial system.**

The second factor in judicial estoppel analysis requires this Court to assess whether Plaintiff, in her assertion of inconsistent positions, intended to undermine the integrity of the judicial system. Judicial estoppel does not apply in cases where the inconsistent positions were taken as a result of inadvertence or mistake rather than out of an effort to mislead, or make a mockery of, the court. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al., 81 F.3d 355, 362-63 (3d Cir. 1996); Matter of Cassidy, 892 F.2d 637, 642 (7th Cir. 1990)*. The Eleventh Circuit has held that, "deliberate or intentional manipulation can be inferred from the record[,]" and that, "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Burnes*, 291 F.3d at 1287 (*quoting In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)).

**1.  Plaintiff had knowledge of her undisclosed claim against Defendant.**

All of Defendant's alleged actions, upon which Plaintiff based her claim, occurred prior to July 27, 2005, the date of Plaintiff's bankruptcy filing. Plaintiff was no doubt aware of these alleged actions and of her intention to sue Defendant at the time she petitioned for bankruptcy. Furthermore, Plaintiff admitted to previously being a bankruptcy debtor in Maryland in 1999. Def.'s Mot. Ex. B at 4-5. Plaintiff does not assert, and this Court cannot believe, that after going through similar or even identical proceedings once before, Plaintiff was unaware of her obligation to provide to her trustee and to the Bankruptcy Court full and honest disclosures regarding all pending or possible claims.

**2.  Plaintiff had motive for concealing her claim against Defendant.**

The Eleventh Circuit has stated that, "a financial motive to secret assets exists [in bankruptcy cases] because the hiding of assets affects the amount to be discounted and repaid." *De Leon*, 321 F.3d at 1290. Plaintiff's claim against Defendant is not exempt under any applicable law, and any recovery would have been available to pay her creditors had Plaintiff's claim been disclosed. Keeping the lawsuit secret until after Plaintiff's bankruptcy had been discharged, however, would allow Plaintiff alone to benefit from any recovery from Defendant.

Hence, Plaintiff's undisclosed claim would certainly affect the amount to be discounted and repaid, and this Court can conclude that Plaintiff had a financial motive to conceal her claim against Defendant.

It is, therefore, the finding of this Court that Plaintiff hid her lawsuit against Defendant from the Bankruptcy Court and from her trustee in a deliberate effort to undermine the integrity of the judicial system, rather than out of mere mistake or inadvertence, and that the second element of judicial estoppel has been met in this case.

In response to Defendant's instant motion, Plaintiff asserts that Defendant knew that Plaintiff had filed her FCCPA and FDCPA claim and that Plaintiff had failed to disclose this claim during her bankruptcy proceedings. Plaintiff further alleges that Defendant did not itself disclose the existence of the suit until after Plaintiff's bankruptcy had been discharged in a calculated effort to have Plaintiff's claim dismissed on the grounds of judicial estoppel rather than have the case decided on its merits. Plaintiff argues that because Defendant failed to bring to the Bankruptcy Court's attention Plaintiff's nondisclosure of her claim against Defendant, allegedly in an effort to gain a tactical advantage, Defendant does not have the "clean hands" necessary to be granted equitable relief. The Court is not persuaded by this argument. It is clear that Defendant had no affirmative duty to correct Plaintiff's omissions, and the fact that Defendant did not announce these omissions to the Bankruptcy Court does not amount to having "unclean hands."

Furthermore, the doctrine of judicial estoppel is designed to protect the judicial system rather than the litigants, and the Eleventh Circuit has stated that those seeking to assert judicial estoppel need not demonstrate privity, individual prejudice, or detrimental reliance. *Burnes*, 291 F.3d at 1286 (*citing Coastal Plains*, 179 F.3d at 205; *Ryan*, 81 F.3d at 360; *Matter of Cassidy*, 892 F.2d at 641 n.2).  The focus in applications of judicial estoppel is upon the actions of the party to be estopped and the effect those actions have on the judicial system. The fact that the other litigant in a given case may not have relied on the inconsistent statements or may not have suffered any prejudice as a result of the conflicting positions does not change the threat such actions pose to the integrity of the judicial system. This Court concludes that, in the same way a party seeking to judicially estop another may certainly prevail without showing that he himself was involved in the prior proceeding, or relied on, or was harmed by, the other party's inconsistencies, a party may also succeed on the grounds of judicial estoppel without proving

Case No.: 8:05-CIV-1788-T-17-MAP

that he has "clean hands." The fact that Defendant may have been aware of Plaintiff's conflicting positions and did not attempt to bring these inconsistencies to light, even if it does amount to having "unclean hands," does not alter the damage Plaintiff's actions may have caused to the judicial system.

## CONCLUSION

It is the conclusion of this Court that Plaintiff made inconsistent statements under oath in a prior proceeding, and that these inconsistencies were calculated to make a mockery of the judicial system in that the Court finds Plaintiff had both knowledge of the undisclosed claim and the motive to conceal that claim. This Court will not tolerate an effort to manipulate legal proceedings as part of a calculated scheme to gain a substantial financial benefit at the expense of the judicial system's integrity. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment be **GRANTED**, and the Clerk of Court is **directed** to enter judgment for the Defendant and close this case.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 27th day of June, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record
      Bankruptcy Judge Michael G. Williamson